UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW BEARD,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF NEVADA.,<br><br>        Defendant. | Case No. 2:22-cv-01156-RFB-BNW<br><br>**ORDER** |

      Before the Court for consideration is the Order and Report and Recommendation of the Honorable Brenda Weksler, United States Magistrate Judge, dated November 23, 2022. ECF No. 5. In it, Magistrate Judge Weksler granted Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 1) and recommended dismissal of the Complaint (ECF No. 1-1) without prejudice and denial of Plaintiff's Motion to Certify (ECF No. 3) as moot.   For the reasons stated below, the Court adopts the recommendation in full.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>see also</u> Local Rule IB 3-2(b).  Here, Plaintiff opposed the Magistrate Judge's Report and Recommendation within the required time period. ECF No. 6.  Thus, the Court will determine what aspects of the Report are challenged and issue a *de novo* determination as to those aspects only.

In her Report and Recommendation, Magistrate Judge Weksler found that Plaintiff's complaint consisted of § 1983 claims challenging the constitutionality of Nevada Senate Bill 182. He further sought to vacate his convictions, have Senate Bill 182 removed, to challenge those who were on notice of the Bill's "facial[]" defects, and to receive a prevailing wage for the years he was incarcerated. ECF No. 5 at 2. Magistrate Judge Weksler identified two main problems with Plaintiff's Complaint. First, Plaintiff could not challenge his conviction under Section 1983. She noted that "[i]f a Section 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-87 (1994)." Id.

Second, Plaintiff's challenge under Nevada law also failed. Plaintiff argued that Senate Bill No. 182, which created the Statute Revision Commission (the "Commission") was unconstitutional because the inclusion of three Nevada Supreme Court Justices on the Commission improperly delegated legislative powers to the judiciary. Id. Magistrate Judge Weksler observed that ten similar challenges to the Commission failed in this District, and that the Nevada Supreme Court clarified that purpose of the Commission was to "codify and classify" laws "in a logical order," but that the Commission and its successor entity (the Legislative Counsel Bureau) were not exercising the legislative function. See generally State v. Taylor, 472 P.3d 195 (Nev 2020). In light of this precedent, Plaintiff would need to show how adding the three Nevada Supreme Court justices violated the Nevada Constitution by serving in a nonjudicial public office. To properly state a claim, Plaintiff must illustrate, if possible, how Justice Merrill, Justice Badt, and Justice Eather "violated the constitution by serving in a nonjudicial public office" and "improperly encroached upon the powers of another branch of government, violating the separation of powers." Id. at 5. Therefore, Judge Weksler recommended that Plaintiff's Complaint be denied without prejudice. ECF No. 5 at 4.

Plaintiff filed an Objection to Judge Weksler's Report and Recommendation on December 7, 2022. ECF No. 6. The Objection raises three arguments that the Court will address in turn.
///

First, Plaintiff argues that he never raised a challenge to any conviction. The Court finds the opposite: Magistrate Judge Weksler correctly noted that Plaintiff does seek a revision or review of his conviction. For example, Plaintiff asks the Court to "absolve and vacate all charges and accusations related to case # C-20-3507980-1" and "any other relief to which [he] may be entitled including but not limited to the expungement of record and purging of files." ECF No. 1-1 at 12.

Second, Plaintiff argues that he has shown that the Commission, and the role of the Justices on it, violated the Constitution. He goes on to state that the Justices were paid a salary of $125.00 a month, and that the Commission itself promulgated "unconstitutional statutes and fraud" but cites no examples of the same. ECF No. 6 at 3. The Court agrees with Magistrate Judge Weksler that Plaintiff has not plead facts that satisfy the Nevada Supreme Court's directive in Taylor.

Finally, Plaintiff argues that not *all* cases challenging Senate Bill No. 182 failed, citing to Nev. Pol'y Rsch. Inst., Inc. v. Cannizzaro, 507 P.3d 1203 (Nev. 2022), a case that concerned a policy organization's standing to bring a separation of powers argument under the public importance exception. This case did not relate to the Commission, or the Legislative Counsel Bureau.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 5) is adopted in full. Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice, and his Motion to Certify (ECF No. 3) is DISMISSED as moot.

**IT IS FURTHER ORDERED** that Plaintiff shall have until May 1, 2023, to file an amended Complaint.

**DATED:** March 31, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**