UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATHEW BEARD,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF NEVADA,<br><br>    Defendant. | Case No. 2:22-cv-01156-RFB-BNW<br><br>**REPORT AND RECOMMENDATION** |

On March 31, 2023, the Court dismissed Plaintiff's Complaint without prejudice. ECF No. 12. However, the Court granted Plaintiff leave to file an amended complaint and ordered Plaintiff do so no later than May 1, 2023. *Id.* Instead, Plaintiff filed an interlocutory appeal on April 24, 2023. ECF No. 13. That appeal has since been dismissed. ECF No. 15. Plaintiff then filed a Motion for Amended Pleading of a Federal Rules 5.1 Constitutional Question, ECF No. 16, which the Court liberally construes as a motion to amend his complaint. The Court now screens Plaintiff's proposed amended complaint as required by 28 U.S.C. § 1915(e)(2).

**I. Screening**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

Here, in response to the Court's prior screening order Plaintiff has dropped reference to his § 1983 claims. He simply asserts that Senate Bill 182, which created the Statute Revision Commission (the "Commission"), is unconstitutional. However, the Court directly rejected this claim in its prior screening order, ECF No. 5. Judge Boulware then adopted and affirmed the order dismissing the complaint without prejudice subject to Plaintiff filing an amended complaint. Defendant has offered no new claims or facts in support of his action. Therefore, the Court denies his motion to amend and recommends that this action be dismissed for failure to state a claim upon which relief may be granted. Further, the Court recommends that Plaintiff be denied leave to file another amended complaint because doing so would be futile.

**II. Conclusion**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 16) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be **DENIED** leave to file another amended complaint as futile.

**IT IS FURTHER RECOMMENDED** that the case be **DISMISSED** with prejudice for failure to state a claim and be closed.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: July 3, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE