# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATHEW BEARD, | Case No. 2:22-cv-01156-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, | |
| Defendant. | |

Before the Court for consideration is the Order and Report and Recommendation of the Honorable Brenda Weksler, United States Magistrate Judge, dated July 3, 2023 (ECF No. 17). For the reasons stated below, the Court adopts the recommendation in full.

A brief review of the salient procedural history of the case is helpful. In September 2022, *pro se* Plaintiff Mathew Beard filed a Complaint (ECF No. 4) bringing a Section 1983 claim challenging the constitutionality of Senate Bill ("SB" 182 and, as relief, to have his convictions vacated, to receive a wage for his time incarcerated, to have individuals charged, and to have SB 182. On screening, Magistrate Judge Weksler issued a Recommendation providing that, among other things, the Complaint be dismissed. ECF No. 5. Judge Weksler explained that Section 1983 cannot be used to challenge a conviction and at least ten similar challenges to SB 182 had failed. Following Plaintiff's objection to that Recommendation (ECF No. 6), on March 31, 2023, the Court issued an Order adopting the Recommendation in full, dismissing the Complaint without prejudice, and granting leave to file an amended complaint. ECF No. 9.

Instead of filing a timely amended complaint, Plaintiff appealed the Court's Order adopting the Recommendation, ECF No. 13, which was dismissed on June 8, 2023, ECF No. 15. On June

8, 2023, Plaintiff filed the pending motion styled as a "Motion for Amended Pleading of a Federal Rules 5.1 Constitutional Question." ECF No. 16. On July 3, 2023, Judge Weksler filed a Report and Recommendation regarding Plaintiff's pending motion. ECF No. 17. In it, Magistrate Judge Weksler construed Plaintiff's filing as a motion to amend his complaint and, following screening, denied the motion to amend and recommended the action be dismissed. Id. Plaintiff timely opposed the Magistrate Judge's Report and Recommendation. ECF No. 18.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).[1] As a timely objection was filed, the Court now makes a *de novo* review of the portions of the report upon which Plaintiff's objection is based.

In her Report and Recommendation, Judge Weksler found that Plaintiff has dropped reference to his Section 1983 claims and simply asserts that SB 182 is unconstitutional. Because the Court's Order (ECF No. 9) adopting the Judge Weksler's Recommendation (ECF No. 5) explicitly rejecting this argument and because she found Plaintiff offered no new facts or claims in support of the action, Judge Weksler denied the motion to amend.

The Court finds, on *de novo*, review that Plaintiff's objections do not warrant setting aside all or part of recommendation. The District Court makes a *de novo* determination where a written objection has been filed, 28 U.S.C. § 636(b)(1), and, here, Plaintiff has provided specified objections. Plaintiff argues Judge Weksler made a legal error as the evidentiary support provided in his Exhibits 1, 2, and 3 satisfy the burden set by Nietzke v. Williams, 490 U.S. 319 (1989), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Nordstrom v. Ryan, 762 F.3d 903 (9th Cir. 2014). Exhibits 1, 2, and 3 are annotated scans of a portion of SB 182, Articles 3 and 6 of the Constitution

---

[1] *De novo* review simply means a review by one court using the lower court's record but reviewing the evidence and the law without deference to the lower court's findings and rulings. See Appeal, Black's Law Dictionary (11th ed. 2019).

of Nevada, and the Black's Law Dictionary definition of "revised statutes." This evidence he says shows that the inclusion of three Nevada Supreme Court Justices on the created Statute Revision Commission, created by SB 182, is an impermissible delegation of legislative powers.

Judge Weksler's original Recommendation (ECF No. 5) squarely addressed this argument at some length and, correctly, rejected it. Faced with the same arguments that Plaintiff has presented throughout this ligation, several courts have rejected any legal basis for the arguments. See, e.g., State v. Taylor, 472 P.3d 195 (Nev. 2020) (table case); Marquez-Perez v. Nevada, No. 2:22-cv-00796-GMN-DJA, 2022 U.S. Dist. LEXIS 194800 (D. Nev. Oct. 25, 2022) (collecting cases). In the original Recommendation (ECF No. 5) and the Court's Order adopting that Recommendation (ECF No. 9), Plaintiff was instructed that he must plead facts to satisfy the Nevada Supreme Court's directive in Taylor. He was not. Therefore, the Court finds that the law is clear and that Plaintiff's objection is unavailing.

For the foregoing reasons, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 17) is adopted in full. Plaintiff's Motion to Amend the Complaint is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court will close the case.

**IT IS FURTHER ORDERED** that the Clerk of Court will provide Plaintiff Mathew Beard with a copy of the Court's Order.

**DATED:** January 9, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**